**In the Matter of Patrick M. SCHREMS.**

**No. 53S00–0512–DI–626.**

Supreme Court of Indiana.

Nov. 20, 2006.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In 2001, the respondent agreed to represent a female client charged with a criminal violation in Brown County Circuit Court, and accepted a $1,500 fee. He entered his first appearance on her behalf in August 2001. Throughout the remainder of 2001 and early 2002, both his client and

her husband placed phone calls to the respondent once or twice per week regarding the status of her case. Respondent only once returned their calls. He met once or twice with his client during the course of his representation. In early November 2002, the court scheduled dates for a final pre-trial conference (FPTC) on November 25 and a jury trial on December 4. Respondent failed to inform his client of either date. On November 22 he faxed to the Court copies of a Motion for Continuance and a Notice of Actual Conflict stating that he was going to be out of state from November 23 to December 1 and that he had a jury trial on December 3 and 4. The Court does not accept filings by fax. On November 25, his client attended the FPTC, but respondent failed to appear.

The court continued the jury trial indefinitely and rescheduled the FPTC for December 9. The respondent failed to appear on that date and the Court rescheduled the FPTC for April 21, 2003. When the respondent also failed to appear on that date, at his client's request, the court appointed a public defender to represent her. In May 2003, respondent filed a Motion to withdraw his representation of his client stating that there had been a breakdown of communication between them. The court granted that motion.

**Violations:** Respondent violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness; Prof. Cond.Rule. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; and, Prof.Cond.Rule. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions.

**Discipline:** Public Reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d), and to post this Order on the Court's website for orders concerning final resolution of attorney disciplinary cases.

All Justices concur.